## GOLDEN v. ST. BERNARD TRAPPERS' ASS'N et al.

(District Court, E. D. Louisiana. Jan. 4, 1926.)

No. 18260.

**I. Courts ⬦324—Motion held to present issue under Judicial Code as to diversity of citizenship.**

Defendant's motion to dissolve writ of sequestration and to dismiss for want of jurisdiction, supported by oral testimony, *held* to present issue, under Judicial Code, § 37 (Comp. St. § 1019), as to diversity of citizenship between real parties in interest.

**2. Courts ⬦323—Evidence held to show plaintiff not real party in interest.**

Evidence *held* to show that ostensible plaintiff was either a fictitious person or a mere nominal party, collusively lending the use of his name to create a case cognizable in the federal District Court.

In Equity. Bill by Samuel S. Golden against the St. Bernard Trappers' Association and others. Temporary restraining order vacated, writ of sequestration dissolved, application for injunction denied, and final decree entered, dismissing suit.

Thomas E. Furlow, of New Orleans, La., for complainant.

Leander H. Perez, of New Orleans, La., for defendants.

BURNS, District Judge. This cause was commenced by a bill of complaint in the name of one Samuel S. Golden, an alleged citizen of Illinois, against a Louisiana corporation and several individual citizens of Louisiana. It is alleged in effect that complainant is the lessee of certain lands, for trapping purposes, in the parish of St. Bernard, La., under several leases, dated variously in May, September, and November, 1925, the owners of which have been in undisturbed possession under valid titles; that the defendant Louisiana corporation is engaged in acquiring and controlling lands for trapping purposes, and that the individual defendants named are members and stockholders of that corporation and are all citizens of Louisiana; that they and numerous others have associated, confederated, and conspired together to trespass on plaintiff's leased lands, for the purpose of trapping and taking fur-bearing animals therefrom. The prayer is for a temporary restraining order, preliminary and permanent injunctions, and also for a judicial sequestration of furs taken, pending final hearing. The bill is verified by one Millard C. Baker, a citizen of Louisiana, who alleges himself to be the authorized agent of the plaintiff in Louisiana.

Upon the verified bill a temporary restraining order and a writ of sequestration issued as prayed for, together with a rule upon defendants to show cause why a preliminary injunction should not issue. This rule coming on to be heard, defendants made return, and there was filed the usual supporting affidavits and documentary evidence on both sides. Additionally, however, the defendants filed a motion to dissolve the sequestration and a motion to dismiss for want of jurisdiction, upon which oral testimony was heard. The motion is in part as follows:

"That Samuel S. Golden, alleged to be a resident of Cook county, state of Illinois, and in whose name this suit was filed by one Millard C. Baker, is not a party at interest in this cause, because of the fact that the leases, which are sought to be protected by

injunction herein, are in truth and in fact leases obtained by the said Millard C. Baker for himself, and only placed in the name of Golden under the pretext that the said Baker was the resident agent and attorney in fact of Golden, for the particular purpose of using the name of the said Golden as an instrumentality for the filing of injunction suits in this federal court; he, the said Millard C. Baker, and all the parties defendant herein, likewise being citizens of the state of Louisiana, and without the jurisdiction of this court, for lack of diversity of citizenship between the parties plaintiff and defendant herein.

"That the filing of this suit in the name of Samuel S. Golden, by the said Millard C. Baker, is a fraud practiced on the jurisdiction of this court by the said Millard C. Baker, and is made in pursuance of a deliberate undertaking by him, the said Millard C. Baker, entering into agreements with other parties to whom he leased trapping privileges on some of the lands described in his bill of complaint herein, for a moneyed consideration collected by the said Baker, whereby he, the said Baker, provided in several leases that, for a valuable consideration, he would apply to the United States District Court for the issuance of federal injunction to protect his said lessees.

"That, by the manner in which the bill of complaint herein is framed, an attempt is made to have it appear that the said Millard C. Baker is the agent and attorney in fact of Samuel S. Golden, alleged to be a citizen of Illinois. The said bill of complaint is so drawn only to conceal the real facts of the sole interest of the said Millard C. Baker of the trapping leases described in the bill of complaint, and that, as a matter of fact, the said Golden has never authorized or empowered Millard C. Baker to institute any suit as his agent in this court, concerning any of the aforesaid leases or lands. That the only pretended authorization upon which the said Baker is now attempting to bring suit in this court in the name of Golden, for the purpose of obtaining an injunction under the aforesaid contracts, is based on an alleged power of attorney to the said Baker by Samuel S. Golden more than two years ago, which was then granted him for the restricted purpose of signing and executing an act of sale, which power of attorney is inapplicable, and does not authorize Millard C. Baker to proceed in the name of Samuel S. Golden in this case.

"That therefore the said Baker is fraudulently pretending to be the agent and attorney in fact of Samuel S. Golden, for the purposes herein, and is fraudulently proceeding in his own behalf, and not for the said Golden, and, in thus practicing a fraud on the jurisdiction of this court, the said Baker has concealed his purposes by the manner in which the misrepresentations are made in his bill of complaint herein, and the true facts can only be brought out by the taking of evidence, and the submission of testimony on the trial hereof."

[1] Defendants also reiterate these charges in substance in their return to the rule nisi. There is therefore directly presented an issue under section 37 of the Judicial Code (Comp. St. § 1019), which reads as follows:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removal under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

[2] From the record so made it appears that these charges are sustained by a clear preponderance of evidence. In support of Baker's allegations that he is authorized as agent to bring this suit for Golden, as a citizen of Illinois, there is filed in the evidence a formal power of attorney, signed by the latter before a notary public in Huntington, W. Va., August 23, 1923. In this formal document Golden himself declares that he is a resident of the city of New Orleans, state of Louisiana. This declaration is for all practical purposes a declaration of his actual citizenship, particularly since there is no other evidence to sustain the pretense that he is a citizen of Illinois, except the allegations of Baker, and his testimony is wholly unconvincing and unsatisfactory. Upon cross-examination as a witness Baker claimed that Golden was lately in Florida, and swore that he had received certain letters of recent dates. Although he was challenged to produce these, he failed to do so.

The original of this power of attorney

appears to have been used by Baker in connection with a notarial act on September 8, 1923, by which he transferred to the name of Golden the title to his own dwelling house in New Orleans, the possession and occupancy of which remained unchanged. This document is the stereotyped form vesting all general and special powers in the agent, commonly required by notarial practice in Louisiana. I am convinced that its use was intended originally to extend no further than necessary for that act of sale and mortgage, and in connection with that particular piece of property, but that Baker has expediently used it in other connections.

The evasive, equivocal testimony of Baker as a witness, particularly his effort to explain the status of his principal and of himself as agent, considered in the light of the testimony of the other witnesses and of the documentary evidence filed, persuades me conclusively that Baker, and not Golden, is the real party in whose interest this suit is brought; that Samuel S. Golden is either a fictitious person, or a mere nominal party collusively lending the use of his name, for the convenience and purpose of Baker in improperly and collusively joining him as a party plaintiff here, for the purpose of creating a case cognizable in this court, which does not really and substantially involve a dispute or controversy between citizens of different states, and properly within its jurisdiction.

Accordingly the temporary restraining order issued herein will be vacated, recalled, and set aside, the writ of sequestration dissolved, the application for preliminary injunction denied, and a final decree entered, dismissing plaintiff's suit, at his cost.